**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALLEN WADE VELA, | ) | Civil Action No. 2: 19-cv-1115 |
| | ) | |
| Petitioner, | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| SUPERINTENDENT - SCI FOREST, | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, and | ) | |
| THE DISTRICT ATTORNEY – | ) | |
| JEFFERSON COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION[1]

Before the Court is a petition for a writ of habeas corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2254 by state prisoner Allen Wade Vela ("Petitioner" or "Vela"), in which he is challenging the judgment of sentence imposed on him by the Court of Common Pleas of Jefferson County, Pennsylvania on December 6, 2004. Respondents have filed a Motion to Dismiss (ECF No. 5), arguing that the instant Petition is barred by the AEDPA statute of limitations, 28 U.S.C. §2254(d). Petitioner filed a Reply in opposition (ECF No. 7). The matter is ripe for disposition.

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as untimely, and a certificate of appealability will be denied.

---

[1]     In accordance with the provisions of 28 U.S.C. §636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment by a United States Magistrate Judge. *See* ECF Nos. 12 and 13.

# I.    Procedural History[2]

Vela, after a one-day jury trial, was convicted of multiple charges of sexual assault against a minor. He was sentenced on December 6, 2004, to a minimum of thirty-four (34) years to a maximum of eighty (80) years. He timely filed a direct appeal of his judgment of sentence with the Superior Court of Pennsylvania. On May 3, 2006, the Superior Court affirmed Vela's judgment of sentence. He did not file a request for a petition for allowance of appeal ("PAA"). His judgment, therefore, became final on June 2, 2006, thirty (30) days after the Superior Court affirmed his judgment.

On April 23, 2007, Vela filed a timely pro se petition for post-conviction collateral relief under the Post-Conviction Relief Act ("PCRA"). The PCRA Court denied the petition on October 29, 2007, and the Superior Court affirmed the denial of the petition on January 30, 2009. The Pennsylvania Supreme Court denied Vela's PAA on August 26, 2009.

On September 3, 2019, Vela commenced this case by the filing of his petition for writ of habeas corpus. The certification signed by Vela indicates that he placed the petition in the prison mailing system on July 28, 2019. (ECF No. 1 at 18).

Respondents have filed the instant motion to dismiss in which they argue that the petition is untimely and that Vela pleads no exceptional circumstances requiring the tolling of the statute of limitations. (ECF No. 5). Vela filed a response in which he acknowledges that his petition was untimely filed and rather than explaining why the statute of limitations should be tolled in the case largely focuses on the substance and merits of his claims. (ECF No. 7). The matter is ripe for disposition.

---

[2]    The factual background of Vela's criminal case is not relevant to the Court's determination of whether the petition was filed in a timely fashion.

## II. Discussion

### A. Timeliness

This proceeding is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal habeas statute applicable to state prisoners. AEDPA imposes a one-year limitations period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run on the date the judgment of sentence becomes final "by the conclusion of direct review or upon the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A)*; see Gonzales v. Thaler*, 565 U.S. 134 (2012). This limitations period also may be statutorily or equitably tolled for various circumstances. *Id.* at § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Vela's claims are subject to dismissal under AEDPA's one year statute of limitations. Vela's sentence became final, for AEDPA purposes, on June 2, 2006, when the thirty (30) day deadline to file an appeal with the Supreme Court of Pennsylvania expired. PA Rule of Appellate Procedure 903(a). Under AEDPA, Vela needed to file his federal habeas petition within one year of that date. Since Vela did not file the instant petition until 2019, the petition is facially untimely and must be dismissed unless Vela can show that the limitations period should be tolled, either statutorily or equitably.

### B. Statutory Tolling

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A properly filed post-conviction petition tolls AEDPA's statute of limitations. *Id.*

Vela's judgment became final on June 2, 2006. He filed his PCRA petition on April 23, 2007, three hundred and twenty-five days (325) days after his judgment became final. Respondents do not dispute that the Vela's original PCRA petition was filed timely. This timely PCRA petition tolled the AEDPA statute of limitations, but 325 days had passed before the statute of limitations was tolled. The tolling period ended on August 26, 2009, when the Pennsylvania Supreme Court denied Vela's petition for allowance of appeal. The AEDPA time clock started again the next day, August 27, 2009. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, because 325 days had already expired on the AEDPA clock, Vela only had forty (40) days left to file his federal petition, or specifically, until October 6, 2009. Giving Vela the benefit of the prisoner mailbox rule, the instant petition for writ of habeas corpus was filed on July 28, 2019, well beyond the AEDPA filing deadline.

## C.      Equitable Tolling

Although AEDPA's statute of limitations is subject to equitable tolling, the Third Circuit Court of Appeals has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Equitable tolling is thus only appropriate when "'the principles of equity would make the rigid application of a limitation period unfair,' such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *Id.* at 276 (quoting *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir. 1998)). "Due diligence does not require 'the maximum feasible diligence;'" but "it does require

reasonable diligence in the circumstances." *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004) (internal citations omitted). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava,* 398 F.3d at 277. "The fact that a petitioner is proceeding *pro se* does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano,* 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Doe v. Menefee,* 391 F.3d 147, 177 (2d Cir. 2004)).

Vela does not directly respond to Respondents' arguments that equitable tolling should not apply in this case. Rather, he requests that the Court review his claims on the merits.

As discussed *supra*, Vela timely filed his original pro se PCRA petition on April 23, 2007. However, although the petition was timely filed, he lost 325 days on the AEDPA clock by delaying until April 23, 2007, to file his PCRA petition. And while the clock was tolled during his PCRA proceedings, the clock resumed on August 27, 2009, the day after his PAA seeking discretionary review of his PCRA appeal was denied. Vela waited almost ten (10) years before filing the instant federal petition. He offers no explanation for the delay in filing his federal petition. In total, Vela's petition is untimely by 3622 days, or 9 years, 11 months.

After careful consideration of the submissions of the parties, the Court finds that Vela fails to demonstrate extraordinary circumstances to justify equitable tolling and, as a result, there is no basis for the Court to apply equitable tolling to the statute of limitations in this case.[3]

---

[3] Because Vela has failed to demonstrate that some extraordinary circumstance prevented him from timely filing his federal habeas petition, it is not necessary for the Court to examine whether Vela pursued his rights diligently. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1)

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] may issue only if the petitioner shows that: (1) 'jurists of reason would find it debatable whether district court was correct in its procedural ruling;' and (2) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Pabon v. Superintendent, SCI-Mahanoy*, 654 F.3d 385, 392 (3d Cir. 2011) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Applying that standard here, reasonable jurists all would agree that Vela's petition was untimely, *see* 28 U.S.C. § 2244(d)(1)(A), and could not be saved by equitable tolling, *cf. Holland v. Florida*, 560 U.S. 631, 649 (2010). Accordingly, a certificate of appealability will be denied.

### IV. Conclusion

For the reasons set forth above, Respondents' motion to dismiss will be granted, the petition for writ of habeas corpus will be dismissed as time-barred and no equitable tolling

---

that he has been pursuing his rights diligently <u>and</u> (2) that some extraordinary circumstance stood in his way and prevented timely filing." (emphasis added) (internal quotation marks omitted).

applies to remedy the untimeliness. A certificate of appealability will be denied. A separate

Order follows.

Dated: January 13, 2020

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     ALLEN WADE VELA
        GB2258
        SCI Forest
        PO Box 945
        Marienville, PA 16239
        (via U.S. First Class Mail)

        Jeffrey D. Burkett
        District Attorneys Office
        Jefferson County Courthouse
        (via ECF electronic notification)